UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

C.G.M.N. (A-204-442-795),

Petitioner,

v.

WARDEN, GOLDEN STATE ANNEX
DETENTION FACILITY, ET AL,

Respondents.

No.  1:26-cv-0679 DAD CSK

FINDINGS AND RECOMMENDATIONS

Petitioner C.G. M.N. (A-204-442-795), a noncitizen proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his continued detention by U.S. Immigration and Customs Enforcement ("ICE").  (ECF No. 1.)  For the following reasons, this Court recommends that the petition be granted.

**I.      LEGAL STANDARD**

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the

1

Constitution or federal law. 28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## II.      DISCUSSION[1]

On January 26, 2026, petitioner filed his habeas petition on a form petition.  (ECF No. 1.) In his sole claim for relief, petitioner raised a Fifth Amendment due process claim, arguing that due process requires that the government establish at an individualized hearing before a neutral decisionmaker, and that petitioner's prolonged detention is justified by clear and convincing evidence of flight risk or danger.  (ECF No. 1 at 16-17.)  The Court notes at the outset that it is undisputed that petitioner was not detained for more than six months, and respondents did not address prolonged detention in their briefing.  (See ECF Nos. 12, 14.)  Because petitioner is proceeding pro se and pro se pleadings are liberally construed, the Court construes petitioner's claim as a Fifth Amendment due process claim challenging his re-detention, and not as a claim limited to challenging his detention as prolonged.

Here, respondents argued that petitioner is an "applicant for admission," within the meaning of 8 U.S.C. § 1225, who possesses no right to freedom from detention other than the form provided by Congress.  (ECF No. 12 at 1-2.)  Respondents also argued that the Court should deny the petition for writ of habeas corpus because there is no liberty interest in freedom from detention, petitioner's detention is mandated by statute, and in the alternative, the Court should stay this action pending resolution of Rodriguez v. Bostock, No. 25-6842 (9th Cir.).  (Id. at 2.) On February 12, 2026, respondents filed supplemental briefing as ordered by the district court, and argued Bautista v. Santacruz did not apply to this case.  (ECF No. 14 (citing Bautista v. Santacruz, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025), judgment entered sub nom. Maldonado Bautista v. Noem, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025).)

---

[1]  The factual and procedural background previously presented in the district judge's February 17, 2026 and March 19, 2026 orders is incorporated herein.  (See ECF Nos. 15, 18.)

On February 17, 2026, the district court stated that it had recently explained why it finds the reasoning of the majority in Buenrostro-Mendez v. Bondi, 2026 WL 323330, at *1 (5th Cir. Feb. 6, 2026), to be unpersuasive, and incorporated such reasoning in this case.  (ECF No. 15 (citing Wasef v. Chestnut, 2026 WL 392389, at *1-3 (Feb. 12, 2026).)  The district court concluded that petitioner's detention violates the Immigration and Nationality Act because § 1225(b) does not apply to petitioner.  (ECF No. 15 (citing Rodriguez Rascon v. Lyons, 2025 WL 3706729, at *4 (E.D. Cal. Dec. 22, 2025); Contreras-Cervantes v. Raycraft, 2025 WL 2952796, at *8 (E.D. Mich. Oct. 17, 2025).)  The district court granted the motion for temporary restraining order, enjoined and restrained respondents from re-detaining petitioner for any purpose, absent exigent circumstances, without written notice and a hearing before an immigration judge where respondents will have the burden of establishing that petitioner is either a flight risk or danger to the community, and directed petitioner to file a motion for preliminary injunction.  (ECF No. 15.)  On March 2, 2026, petitioner filed a notice of change of address confirming his release from custody, and filed his pro se motion for preliminary injunction.  (ECF No. 17.)  Respondents filed nothing further.  (See Docket.)

On March 19, 2026, the district court noted respondents' failure to file an opposition to the motion for preliminary injunction, and reiterated its findings from the order granting the motion for temporary restraining order.  (ECF No. 18 (citing Rodriguez Rascon, 2025 WL 3706729, at *4; Contreras-Cervantes, 2025 WL 2952796, at *8).)  After considering petitioner's arguments, the district court granted the motion for preliminary injunction, and enjoined and restrained respondents from re-detaining petitioner for any purpose, absent exigent circumstances, without written notice and a hearing before an immigration judge where respondents will have the burden of establishing that petitioner is a flight risk or danger by clear and convincing evidence. (ECF No. 18.)  The district court referred the petition for writ of habeas corpus to the assigned magistrate judge for further proceedings.  (Id.)

Previously, on February 4, 2026, this Court ordered respondents to file an answer or motion to dismiss within seven days.  (ECF No. 9.)  Despite such order, respondents did not file an answer or a motion to dismiss.  Other than their oppositions to the motion for temporary

3

restraining order, respondents have filed no additional briefing, and briefing is closed.  (See Docket.)

Where the record before the district court has not changed since the district court's ruling on the motion for a temporary restraining order and request for a preliminary injunction, this Court recommends that the petition for writ of habeas corpus be granted based on a finding that respondents violated petitioner's Fifth Amendment due process rights by re-detaining him without a hearing.  See Wasef, 2026 WL 392389, at *1-3; Rodriguez Rascon, 2025 WL 3706729, at *4; Contreras-Cervantes, 2025 WL 2952796, at *8.  Respondents' alternative request that this matter be stayed pending a ruling by the Ninth Circuit in Rodriguez v. Bostock, No. 25-6842 (9th Cir.), should be denied because a stay would not promote the efficient use of scarce judicial resources in a district with some of the highest caseloads in the country.

This Court further recommends that a permanent injunction be issued enjoining and restraining respondents from re-detaining petitioner unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

**III.    CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  The petition for writ of habeas corpus be GRANTED.

2.  A permanent injunction be issued enjoining and restraining respondents from re-detaining petitioner C.G.M.N. (A-204-442-795) unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.  This injunction does not address other circumstances where detention authority is established under different authority than what is presented in this case.

3.  The Clerk of Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven** days after

being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within **seven** days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 23, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/cgmn0679.157.2241.imm

5